**NOT PRECEDENTIAL**

## UNITED STATE COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 15-1453
_____

JOHN SACCHI,

Appellant

v.

KATHRYN J. LUCIANI, individually and as JSUMC Human Resources Site Manager;
MERIDIAN HEALTH SYSTEMS, INC.; MERIDIAN HOSPITALS CORP.;
MERIDIAN HEALTH; JERSEY SHORE UNIVERSITY MEDICAL CENTER,
("JSUMC"); *CERIDIAN BENEFIT SERVICES, INC.; WELFARE BENEFIT PLAN
OF MERIDIAN HEALTH; MERIDIAN HEALTH TEAM MEMBER BENEFIT PLAN

*(Dismissed Pursuant to Clerk Order dated 08/13/15)

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-14-cv-03130)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted under Third Circuit LAR 34.1(a)
on November 10, 2015

Before:  CHAGARES, SHWARTZ AND RENDELL, <u>Circuit Judges</u>

(Opinion filed: June 13, 2016)

OPINION*

**RENDELL**, <u>Circuit Judge</u>:

In this appeal Appellant seeks a declaration that the District Court incorrectly ruled that he is not a "beneficiary of" or "participant in" the employee benefit plan sponsored by his spouse's employer, and, thus, lacks standing to sue under ERISA. We are not persuaded.

We need not recount the facts, which are well known to the parties. Sacchi makes a valiant attempt to draw on caselaw to support his view that, because he was eligible to join the plan and but for Appellees' wrongful conduct, he would have been designated a beneficiary under it, he has standing. He urges that he "may be eligible" or "may be entitled" to a benefit, or is a "putative" beneficiary within the purview of ERISA. However, the cases on which he relies do not support that proposition. Indeed, he cites and relies on the case of <u>Coleman v. Champion International Corp</u>., 992 F.2d 530 (5th Cir. 1993) but it actually supports the opposite view, as Appellees note.

As the District Court correctly noted, "it is beyond dispute that 29 U.S.C. §1132 (a) entitles only a 'participant or beneficiary' to institute a civil action for benefits against a plan administrator." App. 012. We agree with the District Court that Sacchi is neither. Moreover, Sacchi's claim that he would have become a beneficiary under the plan but for the allegedly wrongful actions of the Defendants is belied by the fact that Simoni did not

2

in fact elect coverage for him when given the opportunity. We will therefore affirm the

order of the District Court granting the motions to dismiss.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.